IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In re  **Mary K. Carroll**  Debtors. | Bankruptcy Case No.: 13-27917-DER |
| **JUDY A. ROBBINS**  United States Trustee for Region Four,  Plaintiff  v.  **Mary K. Carroll**  **13 Rognel Avenue**  **Catonsville, MD 21228**  Defendant | Adversary Proceeding: _____  Chapter 7 |

**COMPLAINT TO REVOKE DISCHARGE**

Judy A. Robbins, the United States Trustee for Region Four, pursuant to Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure, and § 727 of the United States Bankruptcy Code, files this Complaint to revoke the discharge of Debtor, Mary K. Carroll, and as grounds therefore states as follows:

## JURISDICTION, VENUE AND STANDING

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and Rule 402 of the Local Rules for the United States District Court for the District of Maryland.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Pursuant to Local Rule 7012-1(b), the United States Trustee hereby consents to the entry of final orders or judgments by the Bankruptcy Judge.

4. The United States Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 307 and 727(d).

## PARTIES

5. Judy A. Robbins (the "United States Trustee") is the United States Trustee for Region Four, the Region that includes the District of Maryland.

6. Mary K. Carroll ("Debtor") is the debtor in the above-captioned Chapter 7 bankruptcy proceeding.

## FACTS COMMON TO ALL COUNTS

7. Debtor initiated this case by filing a voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 23, 2013. (*See* Doc. 1.)

8. Richard Kremen (the "Trustee") was appointed and qualified as the Chapter 7 Trustee and continues to serve in that capacity.

9. Debtor was granted a discharge under 11 U.S.C. § 727(a) on June 2, 2014.

- 3 -

10. Debtor's schedules and statements stated Debtor had an ownership interest in a 2007 Ford F150 (the "Ford") which the Debtor valued at $21,850. (*See* Doc. 1 p. 11)

11. At the Debtor's first meeting of creditors, the Trustee requested Debtor to provide him with the title to the Ford, a payoff letter from the creditor whose debt was secured by the Ford, and an appraisal of the Ford (collectively the "Ford Documents").

12. On January 31, 2014, the Trustee filed a Motion to Compel the Debtor to, among other things, provide him with the Ford Documents. (*See* Doc. 15.)

13. On February 19, 2014, this Court ordered Debtor to provide, among other things, the Ford Documents. (*See* Doc. 18.)

14. On or about February 25, 2014, the Trustee received a title and an appraisal offer from Carmax relating to the Ford from which he concluded that Debtor owned the Ford solely and without any encumbrances and that the Ford was worth at least $18,000.

15. On February 20, 2014, Debtor filed an amended schedule of personal property in which she stated the Ford was worth $18,000. (*See* Doc. 19.)

16. Debtor claimed exemptions in the Ford of only $9,065.25 in an amended schedule of exemptions also filed on February 20, 2014. (*See* Doc. 19.)

17. Debtor has non-exempt equity in the Ford of nearly $9,000.

18. Although the Trustee attempted to amicably resolve this issue and believed he had an agreement with the Debtor whereby she would voluntarily pay the Trustee the amount of the non-exempt equity in the Ford in exchange for the Debtor continuing in possession of the Ford and the Trustee not administering the Ford, Debtor never executed

the settlement agreement prepared by the Trustee and ultimately the Debtor was not responsive.

19. On January 15, 2015, the Trustee filed a Second Motion to Compel, seeking, among other relief, an order requiring the Debtor to deliver the Ford to the Trustee (the "Motion"). (*See* Doc. 29).

20. On February 6, 2015, Debtor was ordered to deliver the Ford to the Trustee on or before February 16, 2015 (the "Order"). (*See* Doc. 30).

21. To date, the Trustee is not in receipt of the Ford nor has the Debtor contacted the Trustee in response to the Motion or the Order.

## **REVOCATION OF DISCHARGE (11 U.S.C. §§ 727(a)(6); 727(d)(3))**

22. The United States Trustee incorporates by reference into this Count, all of the preceding paragraphs of this Complaint.

23. Section 727(d)(3) of the Bankruptcy Code provides that, on request of the United States Trustee, and after notice and a hearing, the Court "shall" revoke a discharge if the "debtor committed an act specified in subsection (a)(6) of this section."

24. Section 727(a)(6)(A) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge unless the "debtor has refused, in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify."

25. The Debtor's failure to deliver the Ford to the Trustee in compliance with the February 16, 2015 Order amounts to a willful and intentional refusal to obey a lawful order of the Court, other than an order to respond to a material question or to testify. See, *In re Mora*, 399 B.R. 330 (E.D. Mo. 2008).

- 5 -

26. Pursuant to 11 U.S.C. § 727(d), the Debtor's discharge should be revoked.

WHEREFORE, the United States Trustee, respectfully requests that this Court enter judgment in her favor, and against Debtor, Mary K. Carroll, and issue an order revoking the discharge of Mary K. Carroll.

Respectfully submitted,

Dated: April 9, 2015

Judy A. Robbins
United States Trustee, Region Four

By: /s/ *Katherine A. Levin*
Katherine A. Levin (Fed. Bar No. 10916)
United States Department of Justice
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
(410) 962-4300